UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHANIE G. BRENOT,<br><br>                     Plaintiff,<br>    v.<br><br>AMERICAN MEDICAL SYSTEMS, INC.,<br><br>                     Defendant. | CASE NO. 3:21-cv-05764-TL<br><br>ORDER DIRECTING ENTRY OF PARTIES' STIPULATED PROTECTIVE ORDER |

      This matter is before the Court on the Parties' joint response to this Court's order on entry of the parties' proposed stipulated protective order. Dkt. No. 21. In its order, the Court directed the parties to either "file a separate stipulation for the entry of a protective order that complies with LCR 26. . . . [or] provide an explanation as to why they should not be subject to any missing provisions from the [Model Stipulated Protective Order for the Western District of Washington] (e.g., Paragraph 5.1, Exercise of Restraint and Care in Designating Material for Protection)." Dkt. No. 20. In their response, the Parties' explain that the proposed protective order was entered in the related multidistrict litigation ("MDL") in which counsel for both parties participated, that the protective order was negotiated for the express purpose of dealing with the

large volume of documents produced during the MDL that they anticipate being relevant in this case, and that the same protective order has been entered in cases that have been filed in several other federal courts subsequent to the closure of the MDL. Dkt. No. 21. Although the parties fail to address the Court's specific direction to explain why they should not be subject to any provisions missing from the model protective order (and that do not conflict with any of the terms of the proposed protective order), the Court will not disturb the agreement of the parties in this instance and will enter the proposed protective order as submitted.

However, the Court notes that rules and practices vary between different jurisdictions, even within the federal court system. That other courts have adopted the proposed protective order does not remove this Court's duty to independently review any request placed before it and ensure its adequacy and compliance with the rules of and practices of this district. *See* LCR 26(c)(2). For example, the model protective order fleshes out expectations with regard to the filing of confidential materials consistent with this district's Local Civil Rules, such as Section 4.3 Filing Confidential Material, Section 5.1 Exercise of Restraint and Care in Designating Material for Protection, and Section 6.2 Meet and Confer,[1] which are not addressed in the Parties' proposed protective order. The Court cautions that should materials covered by the proposed protective order be filed, the parties shall keep in mind "there is a strong presumption of public access to the court's files" and comply with all the requirements of LCR 5(g).

The Court hereby ORDERS the protective order submitted at Dkt. No. 21-1 shall be entered as an order of this Court binding on all parties to this litigation.

IT IS SO ORDERED.

---

[1] See the Model Stipulated Protective Order for the Western District of Washington available at https://www.wawd.uscourts.gov/sites/wawd/files/ModelStipulatedProtectiveOrder.pdf.

ORDER DIRECTING ENTRY OF PARTIES' STIPULATED PROTECTIVE ORDER - 2

Dated this <u>14th</u> day of February 2022.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Tana Lin
　　　　　　　　　　　　　　　　　　　United States District Judge